**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MILFORD & FORD ASSOCIATES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CONSUMER SHOWS, L.L.C.<br><br>Defendant. | CIVIL ACTION NO. |

**CLASS ACTION COMPLAINT**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. Milford & Ford Associates, Inc. ("Plaintiff"), on behalf of itself and all persons and entities similarly situated, files this complaint against the American Consumer Shows, L.L.C. ("American Consumer Shows"), for its violation of federal telemarketing law.

**THE PARTIES**

1. Milford & Ford Associates, Inc., is a Massachusetts corporation with a principal place of business at 350 Washington Street in Wellesley, MA.

2. Upon information and belief, American Consumer Shows, L.L.C. is a New York limited liability corporation with a principal place of business at 6901 Jericho Turnpike, Suite 250 in Syosset, NY 11791.

3. At all relevant times, American Consumer Shows transacted business in Massachusetts, solicited business in Massachusetts, engaged in a persistent course of conduct in Massachusetts, or has derived substantial revenue from services rendered in Massachusetts.

## JURISDICTION

4. The District Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because, on information and belief, the matter in controversy is believed to exceed the sum or value of $5,000,000 for the class, exclusive of interests and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from the defendant.

## THE LEGAL BASIS OF THE CLASS CLAIMS

5. This class action arises from, what is suspected to be, the violation by American Consumer Shows of federal law prohibiting privacy violations via invasive telemarketing practices.

6. The claims of the Plaintiff, and the class of persons it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

7. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services. 42 U.S.C. §227(b)(1)(C).

8. The TCPA requires that even facsimile advertisements being sent to consumers who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA. 42 U.S.C. §227(b)(2)(D).

9. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

10. The federal regulations implementing the TCPA similarly provide that no person may "[u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 C.F.R. §64.1200(a)(3).

11. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

12. On July 23, 2008, American Consumer Shows transmitted an unsolicited facsimile advertisement to Plaintiff, and upon information and belief, thousands of other consumers and entities throughout the United States. A copy of the fax is attached at Tab A.

13. Plaintiff did not give express consent to American Consumer Shows prior to the transmission of the Junk Fax.

14. Plaintiff did not have a prior business relationship with American Consumer Shows.

15. The facsimile did not contain compliant opt out notice.

## CLASS ALLEGATIONS

16. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

17. Upon information and belief, over the past four years, pursuant to a uniform policy and procedure, American Consumer Shows has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

18. Upon information and belief, over the past several years, pursuant to a uniform policy and procedure, American Consumer Shows has transmitted unsolicited facsimile advertisements to thousands of consumers and entities throughout the United States.

19. Upon information and belief, pursuant to a uniform policy and procedure, American Consumer Shows did not obtain the consent of facsimile recipients prior to the transmission of facsimile advertisements.

20. To the extent facsimile advertisements initiated by or on behalf of American Consumer Shows to consumers who had given consent, or had an established business relationship with American Consumer Shows, the facsimile advertisements are still in violation of the TCPA as they did not contain the "opt-out" notice required by law.

21. The class of persons represented by Plaintiff is composed of all persons or entities within the United States to whom American Consumer Shows sent, or caused to be sent, facsimile advertisements promoting American Consumer Shows and its services, or the services of any of its divisions, at any time within four years prior to the filing of the instant Complaint.

22. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, employed by American Consumer Shows, or its agents, in transmitting its unsolicited facsimile advertisements. On information and belief, the potential class members number in the thousands and constitutes a class so numerous that joinder of all class members is impracticable. Plaintiff is a member of the class.

23. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether American Consumer Shows violated the TCPA, FCC promulgating regulations, by engaging in illegal fax advertising.

      b.      Whether the facsimiles sent by American Consumer Shows to class members constitute unsolicited advertisements;

      c.      Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of American Consumer Shows's actions.

24.    Plaintiff's claims are typical of the claims of the class.

25.    Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

26.    The actions of American Consumer Shows are generally applicable to the class as a whole and to Plaintiff.

27.    Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by American Consumer Shows and/or its agents.

28.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

29.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

30.    Plaintiff is capable of and is willing to represent the other members of the class.

## CAUSES OF ACTION
## COUNT I: NEGLIGENT VIOLATION OF THE TCPA

31.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

32. American Consumer Shows, or its agents, negligently caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

33. By causing unsolicited facsimile advertisements to be sent to the class, American Consumer Shows violated the privacy rights of class members.

34. By causing unsolicited facsimile advertisements to be sent to the class, American Consumer Shows caused class members to incur cost in the form of paper and toner.

35. By causing unsolicited facsimile advertisements to be sent to the class, American Consumer Shows caused the facsimile machines of class members to be encumbered by the transmission of unsolicited facsimiles.

36. American Consumer Shows failed to provide the requisite notice on its advertisements of a recipient's right to cease receiving such advertisements and a cost free mechanism to make such request.

37. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## COUNT II: INJUNCTIVE RELIEF

38. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

39. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

40. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order American Consumer Shows to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: INJUNCTIVE RELIEF
## PRESERVATION OF EVIDENCE

41. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. American Consumer Shows or its agents have custody and control of the business records and other information necessary to identify the members of the class including names and telephone facsimile numbers. Unless immediate injunctive relief is ordered, it is feared that American Consumer Shows, or its agents, will alter, erase, delete, destroy or otherwise dispose of the records in their possession which are necessary to identify each recipient of the unsolicited facsimile advertisements being sent by American Consumer Shows. For this reason, the Plaintiff petitions the Court for an order enjoining American Consumer Shows, its agents, or anyone acting on its behalf, from altering, deleting or destroying any documents or records which could be used to identify the members of the class.

## COUNT IV: VIOLATION G.L. C. 93A

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. American Consumer Shows was engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A.

45. On May 18, 2010, through counsel, Plaintiff sent a demand letter to Defendant, via certified mail, returned receipt requested, detailing how American Consumer Shows' conduct as described above constitutes unfair and deceptive acts or practices in the conduct of trade and commerce and unfair methods of competition in violation of Mass. General Laws c. 93A, § 2 and demanded an offer of settlement.

46. American Consumer Shows received the letter on May 21, 2010, and has been in contact with Plaintiff's counsel, but has failed to make a reasonable offer of settlement. More than thirty days has passed since American Consumer Shows' receipt of the demand letter.

47. American Consumer Shows' conduct as described above constitutes unfair and deceptive acts or practices in the conduct of trade and commerce and unfair methods of competition in violation of Mass. General Laws c. 93A, §§ 2 and 9.

48. The violations of G.L. c. 93A by American Consumer Shows were knowing and/or willful.

49. As the direct and proximate result of the unfair and deceptive acts of American Consumer Shows in violation of G.L. c. 93A as hereinabove set forth, Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That American Consumer Shows immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That American Consumer Shows its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by American Consumer Shows.

5. That the Court enter an appropriate order enjoining American Consumer Shows, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE**

PLAINTIFF,

Milford & Ford Associates, Inc.
By its Attorneys,


__/s/_Edward_A._Broderick_____
Edward A. Broderick, BBO# 566826
The Law Office of Edward A. Broderick
727 Atlantic Avenue, Second Floor
Boston, MA 02111
Phone: (617) 738-7080
Ted@broderick-law.com


_/s/_Matthew_P._McCue_____
Matthew P. McCue, BBO# 565319
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA
Phone: (508) 620-1166
mmccue@massattorneys.net

Dated: November 5, 2010