UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

D. MICHAEL COLLINS and MILFORD &
FORD ASSOCIATES, INC.

    Plaintiffs,

vs.

ACS, INC. and AMERICAN CONSUMER
SHOWS, L.L.C.

    Defendant.

CIVIL ACTION NO. 1:10-CV-11912-RGS

## SECOND AMENDED CLASS ACTION COMPLAINT

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. D. Michael Collins ("Mr. Collins") and Milford & Ford Associates, Inc. ("Milford & Ford"), on behalf of themselves and all persons and entities similarly situated, files this complaint against ACS, Inc. f/k/a American Consumer Shows, Inc. and ("ACS, Inc.") and American Consumer Shows, L.L.C. ("ACS, LLC") the corporate successor of ACS, Inc., for their violation of federal telemarketing law.

## THE PARTIES

1.     Mr. Collins is a resident of Natick, Massachusetts.

2.     Milford & Ford is a Massachusetts corporation with a principal place of business at 350 Washington Street in Wellesley, MA.

3. Upon information and belief, ACS, Inc. is a New York corporation with a principal place of business at 6901 Jericho Turnpike, Suite 250 in Syosset, NY 11791.

4. Upon information and belief, ACS, LLC is a New York limited liability corporation with a principal place of business at 6901 Jericho Turnpike, Suite 250 in Syosset, NY 11791.

5. At all relevant times, ACS, Inc. and ACS, LLC as successor corporation to ACS, Inc. transacted business in Massachusetts, solicited business in Massachusetts, engaged in a persistent course of conduct in Massachusetts, or has derived substantial revenue from services rendered in Massachusetts.

## JURISDICTION

6. The District Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because, on information and belief, the matter in controversy is believed to exceed the sum or value of $5,000,000 for the class, exclusive of interests and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from the defendant.

## THE LEGAL BASIS OF THE CLASS CLAIMS

7. This class action arises from, what is suspected to be, the violation by ACS, Inc. of federal law prohibiting privacy violations via invasive telemarketing practices.

8. The claims of the Plaintiffs, and the class of persons they seek to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

9. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services. 42 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even facsimile advertisements being sent to consumers who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles

2

cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA. 42 U.S.C. §227(b)(2)(D).

11. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

12. The federal regulations implementing the TCPA similarly provide that no person may "[u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 C.F.R. §64.1200(a)(3).

13. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFFS

14. On July 23, 2008, ACS, Inc. transmitted an unsolicited facsimile advertisement to Mr. Collins, and upon information and belief, to thousands of other consumers and entities throughout the United States. A copy of the fax sent by ACS, Inc. to Mr. Collins is attached at Tab A.

15. From 2006, through the present date, ACS, Inc. transmitted multiple unsolicited facsimile advertisements to Mr. Collins, and upon information and belief, to thousands of other consumers and entities throughout the United States.

16. On March 31, 2009, ACS transmitted an unsolicited facsimile advertisement to Milford & Ford and upon information and belied, to thousands of other consumers and entities throughout the United States. A copy of the fax sent by ACS, Inc. to Milford & Ford is attached at Tab B.

17. From 2006, through the present date, ACS, Inc. transmitted multiple unsolicited facsimile advertisements to Milford & Ford, and upon information and belief, to thousands of other consumers and entities throughout the United States.

18. Plaintiffs did not give express consent for ACS, Inc. to send them facsimile advertisements.

19. Plaintiffs did not have a prior business relationship with ACS, Inc..

20. The facsimile advertisements at issue did not contain compliant opt out notice.

## CLASS ALLEGATIONS

21. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

22. Upon information and belief, over the past four years, pursuant to a uniform policy and procedure, ACS has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

23. Upon information and belief, over the past several years, pursuant to a uniform policy and procedure, ACS has transmitted unsolicited facsimile advertisements to thousands of consumers and entities throughout the United States.

24. Upon information and belief, pursuant to a uniform policy and procedure, ACS, Inc. did not obtain the consent of facsimile recipients prior to the transmission of facsimile advertisements.

25. To the extent facsimile advertisements initiated by or on behalf of ACS, Inc. to consumers who had given consent, or had an established business relationship with ACS, Inc., the facsimile advertisements are still in violation of the TCPA as they did not contain the requisite "opt-out" notice.

26. The class of persons represented by Plaintiffs is composed of all persons or entities within the United States to whom ACS, Inc. sent, or caused to be sent, facsimile advertisements promoting ACS,

Inc. and its services, or the services of any of its divisions, at any time within four years prior to the filing of the instant Complaint.

27. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, employed by ACS, Inc., or its agents, in transmitting its unsolicited facsimile advertisements. On information and belief, the potential class members number in the thousands and constitutes a class so numerous that joinder of all class members is impracticable.

28. Plaintiff are members of the class.

29. There are questions of law and fact common to Plaintiffs and to the proposed class, including but not limited to the following:

    a. Whether ACS, Inc. violated the TCPA, FCC promulgating regulations, by engaging in illegal fax advertising.

    b. Whether the facsimiles sent by ACS, Inc. to class members constitute unsolicited advertisements;

    c. Whether the Plaintiffs and the members of the class are entitled to statutory damages as a result of ACS, Inc.'s actions.

30. Plaintiffs' claims are typical of the claims of the class.

31. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class, they will fairly and adequately protect the interests of the class, and they are represented by counsel skilled and experienced in class actions.

32. The actions of ACS, Inc. are generally applicable to the class as a whole and to the Plaintiffs.

33. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the

controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by ACS, Inc. and/or its agents.

34. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

35. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

36. Plaintiffs are capable of and are willing to represent the other members of the class.

## SUCCESSOR LIABILITY

37. ACS, LLC is the corporate successor to ACS, Inc.

38. ACS, LLC was formed to avoid liabilities of ACS, Inc. such as liability for fax cases arising under the TCPA while continuing its business.

39. American Consumer Shows, L.L.C. operates under the trade name of "American Consumer Shows" (the property of ACS, Inc.) engages in the same business, pays the office rent of American Consumer Shows, Inc. and took over its office furniture and equipment.

40. ACS, Inc. and ACS, LLC share the same corporate officer, Craig Gitlitz.

41. ACS, LLC is a mere continuation of ACS, Inc. ACS, LLC was formed to defeat the claims of creditors, including recipients of faxes transmitted by ACS, Inc. in violation of the TCPA, such that equity requires that ACS, LLC bear the liabilities of ACS, Inc.

## CAUSES OF ACTION

## COUNT I: NEGLIGENT VIOLATION OF THE TCPA

42. Plaintiffs incorporates the allegations from all previous paragraphs as if fully set forth herein.

43. ACS, Inc., or its agents, negligently caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

44. By causing unsolicited facsimile advertisements to be sent to the class, ACS, Inc. violated the privacy rights of class members.

45. By causing unsolicited facsimile advertisements to be sent to the class, ACS, Inc. caused class members to incur cost in the form of paper and toner.

46. By causing unsolicited facsimile advertisements to be sent to the class, ACS, Inc. caused the facsimile machines of class members to be encumbered by the transmission of unsolicited facsimiles.

47. ACS, Inc. failed to provide the requisite notice on its advertisements of a recipient's right to cease receiving such advertisements and a cost free mechanism to make such request.

48. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## COUNT II: INJUNCTIVE RELIEF

49. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

50. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

51. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order ACS, Inc. and ACS, LLC to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: INJUNCTIVE RELIEF
## PRESERVATION OF EVIDENCE

52. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

53. ACS, Inc. and ACS, LLC or their agents have custody and control of the business records and other information necessary to identify the members of the class including names and telephone facsimile numbers. Unless immediate injunctive relief is ordered, it is feared that ACS, Inc. and ACS, LLC or their agents, will alter, erase, delete, destroy or otherwise dispose of the records in their possession which are necessary to identify each recipient of the unsolicited facsimile advertisements being sent by ACS. For this reason, the Plaintiffs petition the Court for an order enjoining ACS, Inc. and ACS, LLC and their agents, or anyone acting on its behalf, from altering, deleting or destroying any documents or records which could be used to identify the members of the class.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That ACS, Inc. and ACS, LLC immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That ACS, Inc. and LLC their agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiffs and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiffs and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by ACS.

5. That the Court enter an appropriate order enjoining ACS, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify

all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6.  That the named Plaintiffs and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

**THE CLASS PLAINTIFFS REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE**

PLAINTIFFS,
D. Michael Collins, and Milford & Ford Associates, Inc.
By their Attorneys,

/s/ *Edward A.Broderick*
Edward A. Broderick
Anthony I. Paronich
BRODERICK LAW, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA 02111
Phone: (617) 738-7080
Ted@broderick-law.com


/s/Matthew_P._McCue
Matthew P. McCue
The Law Office of Matthew P. McCue
179 Union Avenue
Framingham, MA
Phone: (508) 620-1166
mmccue@massattorneys.net

Dated: July 7, 2011