UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D. MICHAEL COLLINS and MILFORD & FORD ASSOCIATES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>ACS, INC. f/k/a AMERICAN CONSUMER SHOWS, INC., AMERICAN CONSUMER SHOWS, LLC<br><br>Defendants. | CIVIL ACTION NO. 1:10-CV-11912-RGS |

**FINAL ORDER AND JUDGMENT APPROVING STIPULATION OF CLASS ACTION
SETTLEMENT AND CERTIFYING CLASS**

Pending is Plaintiffs' Milford & Ford Associates, Inc. and D. Michael Collins ("Plaintiffs"), Unopposed Motion for Final Approval of the Stipulation of Class Action ("Stipulation" or "Settlement"). For the reasons stated herein, the Court GRANTS Plaintiffs' motion, certifies the class, and approves the Stipulation of Class Action Settlement.

WHEREAS, the parties filed a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement") which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims against the Settling Defendants; the Court has considered the Stipulation (which defines the capitalized terms used herein) and all of the files, records, and proceedings herein.

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Stipulation, which sets forth

the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

WHEREAS, on June 11, 2012 the Court entered its Order Authorizing Notice of Class Action Settlement and Condition Certification of Class and Entry of Scheduling Order (Dkt. No. 38), which provides a more extended narrative of reasons for its entry of the Order Authorizing Notice; and

WHEREAS, the notice to the Settlement Class and governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, ordered by the Court in its Order Authorizing Notice has been provided, as attested to in the Affidavit of Christina Peters-Stasiewicz of AB Data, Ltd. filed with the Court on September 6, 2012;

WHEREAS, the Court has read and considered the papers filed in support of the Motion, including the Stipulation and the exhibits thereto, memoranda and argument submitted on behalf of the Settlement Class and the Settling Parties, and supporting declarations. The Court notes that no class member has filed an objection to the Stipulation. The Court held a hearing on September 24, 2012, at which time all of the parties and all other interested persons were heard in support of the proposed settlement; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Stipulation is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED, ADJUDED AND DECREED THAT:

1.  For purposes of this settlement only, the Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2.  Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class for purposes of settlement only:

> All persons or entities within the United States to whom American Consumer Shows, Inc. sent or caused to be sent facsimile advertisements promoting American Consumer Shows, Inc. trade and/or consumer shows from September 30, 2005 to the present date, which facsimiles were unsolicited and/or did not contain "opt-out" notices as required by the Telephone Consumer Protection Act and applicable Federal Communications Commission regulations.
>
> The following are excluded from the Class: all directors, officers, agents and employees of Defendant; any person or entity who timely opts out of this proceeding; any person or entity who has given a valid release of the claims asserted in the suit, and court personnel, Plaintiff's counsel and their employees.

3.  The Court makes the following appointments with respect to the Settlement Class, for purposes of settlement:

4.  Milford & Ford Associates, Inc. and D. Michael Collins are appointed class representatives and the following are appointed as Class Counsel:

> Matthew P. McCue
> The Law Office of Matthew P. McCue
> 1 South Ave., Third Floor
> Natick, MA 01760
>
> Edward A. Broderick
> Anthony I. Paronich
> Broderick Law, P.C.
> 125 Summer St., Suite 1030
> Boston, MA 02110

5.  With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is

impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the respective class representatives (the "Class Representatives") are typical of the claims of their respective class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (1) the members of the class have a limited interest in individually prosecuting the claims at issue; (2) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (3) it is desirable to concentrate the claims in this forum; and (4) it is unlikely that there will be difficulties encountered in administering this Class Action Settlement. In the event the Stipulation terminates pursuant to its terms for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this action shall revert to its status immediately prior to the execution of the Stipulation.

6. The Court has determined that the Notice given to members of the Settlement Class, in accordance with the Court's June 11, 2012 Order Authorizing Notice of Class Settlement and Conditional Certification of Class and Entry of Scheduling Order (Dkt. No. 38), fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class, and fully complied with Rule 23(c)(B) of the Federal Rules of Civil Procedure, and with all applicable law.

7. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order of Final Judgment and Dismissal.

8. The Court finally approves the settlement of the Action in accordance with the terms of the Stipulation of Settlement and finds that the settlement is fair, reasonable, and adequate in all respects.

9. The Court orders the Settling Parties to the Stipulation to perform their obligations thereunder.

10. The Court dismisses this Action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein and in the Stipulation) and adjudges that the Released Claims and all of the claims described in the Stipulation of Settlement are released against the Released Parties.

11. The Court adjudges that the Class Representatives and all Settlement Class Members under the Stipulation shall be deemed to have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Stipulation. The Court further adjudges that each Settlement Class Member who has not opted out of this settlement ("Non-Opt Outs"), but for whatever reason does not receive money from the Settlement Fund, shall be deemed to have fully, finally and forever released relinquished and discharged all Released Claims against the Released Parties.

12. The Court further adjudges that upon the Effective Date, each of the Released Parties and all signatories to the Stipulation shall be deemed to have fully, finally and forever released, relinquished and discharged Plaintiff, Class Counsel, and the Settling Defendant and their counsel in this Action from any claims (including Unknown Claims) for abuse of process,

libel, malicious prosecution or similar claims arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, or resolution of the Action, including any right under any statute or federal law to seek counsel fees and costs.

13. Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims described in the Stipulation of Settlement against the Released Parties.

14. Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Stipulation until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Stipulation; (b) any other action necessary to conclude this settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Stipulation.

15. As required by Fed. R. Civ. P. 23(h)(3), in making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

a) The settlement created a fund of $1.875 million in cash, plus interest thereon, and that numerous Class members will benefit from the Settlement;

b) 20,439 copies of the Notice were disseminated to putative Class members indicating that Plaintiffs' Counsel were moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed one-third (33 1/3%) of the Gross Settlement Fund and for reimbursement of their expenses plus interest at the same rate as earned by the Settlement Fund, and no objections were filed against the terms of the proposed Settlement or the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

c)  Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d)  The Instant Action involves complex factual and legal issues and have been actively prosecuted over more than two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

e)  Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

f)  Plaintiffs' Counsel's affidavits attest that they have devoted 1,279.15 hours on this case, with a lodestar value of $529,815.00 to achieve the Settlement; and

g)  The amount of attorneys' fees awarded and expenses reimbursed are fair and reasonable and consistent with awards in similar cases.

16.  The Court approves of Class Counsel Attorney's fees in the amount of $625,000.00, costs and expenses in the amount of $27,297.00, together with a proportionate share of interest accrued to the Settlement Funds on those sums. The amount of attorney's fees awarded and expenses reimbursed are fair and reasonable and this amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

17.  The Court approves the service fee payment of $10,000 for Class Representative Milford & Ford Associates, Inc. and $10,000 for D. Michael Collins together with a proportionate share of interest accrued to the Settlement Funds on that sum. This amount shall be paid from the Settlement Fund in accordance with the terms of the Stipulation.

18. Neither this Final Order of Judgment and Dismissal nor the Stipulation is an admission or concession by the Settling Defendant of any fault, omission, liability, or wrongdoing. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Settling Defendant. The final approval of the Stipulation does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Settling Defendant or the Settlement Class members.

19. There being no objections, the Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

DATED: Sept. 25, 2012

Richard G. Stearns, United States District Court Judge